## A11A1685. SADAT-MOUSSAVI v. THE STATE.
(721 SE2d 647)

BARNES, Presiding Judge.

A jury found Mohammad Sadat-Moussavi guilty of six counts of aggravated assault, one count of pointing a firearm at another, one count of false imprisonment, one count of terroristic threats, two counts of aggravated battery, and one count of possession of a firearm during the commission of a felony. On appeal from the denial of his motion for new trial, he contends that the trial court abused its discretion in failing to strike a prospective juror for cause. We disagree and affirm.

The record reflects that after reading the bill of indictment to the prospective jurors, the trial court asked the statutory voir dire questions set out in OCGA § 15-12-164 (a). Juror No. 28 gave an affirmative response to the statutory question regarding whether any of the prospective jurors had any prejudice or bias either for or against the accused. See OCGA § 15-12-164 (a) (2).

During individual voir dire, the prosecutor asked Juror No. 28 why she had indicated that she was prejudiced or biased. Juror No. 28 replied, "After you read the counts, what was in them, I just feel like if you had the gun and someone was shot, how could you say you are not guilty." The prosecutor responded by explaining that the indictment was "just allegations" and that the State had the burden

---

[1] 290 Ga. 71 (717 SE2d 474) (2011).
[2] *Boykins v. State*, 307 Ga. App. 404 (705 SE2d 186) (2010).

to prove those allegations beyond a reasonable doubt. The prosecutor then asked the juror whether she still felt that she was biased, and Juror No. 28 responded, "Yeah. Because — I mean, they said it was robbery and he had a weapon. I mean, he had the weapon, the guy was shot. Yes, you have to prove it. But the facts are still there as far as I know from what she read that he had a weapon and the person was shot." The prosecutor then reiterated that "the indictment itself is just allegations, there are no facts" and asked whether, "[g]iven that, do you feel that you could listen to the evidence that will come from that stand and render a verdict?" Juror No. 28 answered, "Yes."

When subsequently asked by defense counsel whether, in the juror's mind, the defendant "would have to show to you that he was not guilty," Juror No. 28 responded, "He would have to show me." Thereafter, defense counsel asked, "You've already been convinced from what you've heard that he's guilty?" Juror No. 28 answered, "Yes. He has to prove he's not guilty."

However, the prosecutor then followed up by asking, "If the judge were to tell you that the defendant does not have to prove anything [and] that the State has to prove everything, would you still hold the defendant to the burden of proving . . . ." Juror No. 28 responded, "If you can't prove it, then he wouldn't be guilty." The prosecutor replied, "Exactly. And if the judge were to tell you that the defendant is under no obligation to prove anything, that the State must prove the case, do you still maintain that bias?" Juror No. 28 answered, "No."

Following this response, defense counsel asked, "So now you're saying that the defendant doesn't have to prove anything?" Juror No. 28 responded, "Because it's on the State to prove it she said. So I have to listen to what she has to say. I have to listen to what the State has to offer. I didn't know he doesn't have to say anything." Defense counsel then asked, "So at this point in time, do you feel that you can be a fair and impartial juror to both sides?" Juror No. 28 replied, "Yes. . . . Because of the way she explained it, they have to prove it."

Defense counsel moved for Juror No. 28 to be disqualified for cause on the ground that she was prejudiced and biased against the defendant. The trial court denied the motion. Defense counsel subsequently exercised a peremptory strike to excuse Juror No. 28.

On appeal, Sadat-Moussavi contends that in light of the colloquy involving Juror No. 28, it is clear that the prospective juror was biased against him and would have required him to prove his own innocence. Consequently, he maintains that the trial court erred in denying his motion to disqualify Juror No. 28 for cause. We are unpersuaded.

> In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. Whether to strike a juror for cause lies within the discretion of the trial court.

(Citations and punctuation omitted.) *Carter v. State*, 252 Ga. 502, 506 (8) (315 SE2d 646) (1984).

Here, Juror No. 28 initially indicated that she believed that the defendant was guilty in light of the indictment and that he would have to prove his own innocence. But once the prosecutor fully explained to Juror No. 28 that the indictment contained "just allegations," that the State had to prove the allegations in the indictment beyond a reasonable doubt, and that the defendant was "under no obligation to prove anything," the juror indicated that she was no longer confused and could be fair and impartial between the State and the defendant. Thus, the record reflects that Juror No. 28 altered her initial position and expressed the ability to remain fair and impartial once she had a better understanding of the indictment and of the allocation of the burden of proof.

Given this record, the trial court acted within its discretion in denying the motion to excuse Juror No. 28 for cause. "It is not isolated responses, but the 'final distillation' of a prospective juror's voir dire which determines whether a juror is qualified to serve." (Citation and punctuation omitted.) *Ramirez v. State*, 279 Ga. 569, 573 (3) (619 SE2d 668) (2005). See *Thorpe v. State*, 285 Ga. 604, 606 (3) (678 SE2d 913) (2009) (noting that "[w]hether or not a prospective juror is qualified must be determined based on a consideration of the voir dire as a whole"). It follows that "[t]he trial court was not compelled to rely only upon [Juror No. 28's] initial expression of a potentially disqualifying belief, rather than her subsequent qualifying answers." *Bishop v. State*, 268 Ga. 286, 289 (5) (486 SE2d 887) (1997). We therefore defer to the trial court's finding that Juror No. 28 was qualified to serve as a juror in this case. See *O'Kelley v. State*, 284 Ga. 758, 764 (2) (d) (670 SE2d 388) (2008); *Raulerson v. State*, 268 Ga. 623, 629-630 (4) (491 SE2d 791) (1997); *Bishop*, 268 Ga. at 289 (5); *Diaz v. State*, 262 Ga. 750, 753 (2) (b) (425 SE2d 869) (1993); *Carter*, 252 Ga. at 506-507 (8).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED DECEMBER 27, 2011.

*Kenneth D. Kondritzer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.